UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 |
| TERRY MANUFACTURING COMPANY INC., | |
|     Debtor. | |
| In re: | Case No. 03-32213 |
| TERRY UNIFORM COMPANY, LLC, | |
|     Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | Adv. Pro. No. 04-3114 |
|     Plaintiff, | |
| v. | |
| THE STEEL LAW FIRM, P.C. AND BRIAN STEEL | |
|     Defendants. | |

## MEMORANDUM DECISION

This Adversary Proceeding is before the Court upon the motion of Defendants Brian Steel and The Steel Law ("Defendants") to transfer venue of this Adversary Proceeding from this Court to the Northern District of Georgia. (Doc. 26, 27). The

Plaintiff opposes the motion. (Docs. 32). For the reasons set forth below, the motion is DENIED.

## I. FACTS

The Trustee has initiated this Adversary Proceeding seeking $127,000.00 paid by Terry Manufacturing Company Inc. ("Terry Manufacturing") to the Defendants.[1] (Doc. 1). The Trustee alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Acts. (Doc. 1). The Defendants assert that a change of venue is appropriate because the claims between Terry Manufacturing and the Defendants arose in the metropolitan Atlanta area, its witnesses and documentary evidence reside there, and because they will incur substantial travel expenses if this Adversary Proceeding is not changed to another venue. The Court notes that the present Adversary Proceeding is one of twenty-nine Adversary Proceedings filed by the Trustee, all relating to the Terry Manufacturing or Terry Uniform bankruptcy cases.

## I. CONCLUSIONS OF LAW

The parties involved in this Adversary Proceeding do not dispute that venue is proper in this district. See 11 U.S.C. § 1409(a). Section 1409(a) permits the Trustee to bring suit in the district in which the underlying bankruptcy case is pending, unless the amount is less than $1,000.00 As the amount in suit here is approximately

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1). Both cases have subsequently converted to a case under Chapter 7.

$127,000.00, venue is proper in this Court. The sole issue here is whether transfer to another venue is appropriate under the circumstances. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(F). See In re AP Industries, 117 B.R. 789, 798 (Bankr. S.D. N.Y. 1990); In re Oceanquest Feeder Service, Inc., 56 B.R. 715, 718-20 (Bankr. D. Conn. 1986); A majority of courts consider 28 U.S.C. § 1412 to be the "appropriate authority for transfer of bankruptcy proceedings." In re Bruno's, Inc., 227 B.R. 311, 323 (Bankr. N.D. Ala. 1998). Section 1412 authorizes a court to "transfer a case or proceeding under title 11 to a district court for another district, *in the interest of justice* or *for the convenience of the parties*." 28 U.S.C. § 1412 (emphasis added); see also Fed. R. Bankr.P. 7087. The power to transfer a case should be exercised cautiously. See In re Enron Corp., 317 B.R. 629, 638 (Bankr. S.D. N.Y. 2004) (citing In re Toxic Control Tech., Inc., 84 B.R. 140, 143 (Bankr. N.D. Ind. 1988)); In re A.R.E. Manufacturing Company, Inc., 124 B.R. 912, 914 (Bankr. M.D. Fla. 1991) (citations omitted). A motion to transfer venue of a case or a proceeding lies within the sound discretion of a bankruptcy court based upon an "individualized, case by case analysis of convenience and fairness." Id. (citations omitted); see also In re Steeley, 243 B.R. 421, 439 (Bankr. N.D. Ala. 1999) (noting that transfer of venue under § 1412 requires a case-by-case analysis that is subject to broad court discretion). The burden of proof is on the moving party to establish by a preponderance of the evidence that transfer is appropriate. Furthermore, there is a strong presumption in favor of maintaining venue where the bankruptcy case is pending. See Matter of Holmes, 306 B.R. 11, 14 (Bankr. M.D. Ga. 2004); In re Uslar, 131 B.R. 22, 23 (Bankr. E.D. Pa. 1991) (stating, "unless the balance is strongly

in favor of transferring venue, the debtor's choice of forum should rarely be disturbed."); In re Grogg, 295 B.R. 297, 306 (citing Matter of Continental Airlines, Inc., 133 B.R. 585 (Bankr. D. Del. 1991). This presumption exists mainly to foster the speedy and economic administration of the bankruptcy case. See In re Windsor Communications Group, Inc., 53 B.R. 293, 296 (Bankr. E.D. Pa. 1985) (noting that speed and efficiency is a "paramount consideration"). Because § 1412 is phrased in the disjunctive, transfer may be based upon either the interest of justice or the convenience of the parties. In re Harnischfeger Industries, 246 B.R. 421, 435 (Bankr. N.D. Ala. 2000); see also In re Toxic Control Tech., Inc., 84 B.R. at 143 (noting that the tests to change venue is discrete).

In determining the propriety of granting a motion to transfer the venue of an Adversary Proceeding, the Court will consider the following § 1412 "interest of justice" factors: (a) the economics of estate administration; (b) the presumption in favor of the "home court"; (c) judicial efficiency; (d) the ability to receive a fair trial; (e) the state's interest in having local controversies decided within its borders, by those familiar with its laws; (f) the enforceability of any judgment rendered; (g) the plaintiff's original choice of forum; In re Bruno's, Inc., 227 B.R. 311, 324-26 (Bankr. N.D. Ala. 1998). With respect to the second prong of § 1412, "convenience of the parties," the Court will consider the following factors: (a) the location of the plaintiff and defendant; (b) the ease of access to necessary proof; (c) the convenience of witnesses; (d) the availability of subpoena power for the unwilling witnesses; (e) the expense related to obtaining witnesses. Id.

4

Applying the relevant factors to this case, the Court finds that this Adversary Proceeding will be more efficiently and expeditiously resolved in the venue chosen by the Trustee.  The Court first notes that this Adversary Proceeding is one of more than two dozen Adversary Proceedings that have been filed in this Court which relate to the Terry Manufacturing or Terry Uniform bankruptcy cases.  In a majority of these Adversary Proceedings, the Court has already scheduled final-pretrial conferences during the month of April and has set aside a trial week during that month as well.  See In re Butcher, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985) (stating that "the most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate); see also In re Cole Associates, Inc., 7 B.R. 154, 157 (Bankr. Utah 1980) (noting that "[i]f one factor could be singled out as having the most logical importance, it would be whether a transfer would promote the efficient and economic administration of an estate"). The scheduling of multiple Adversary Proceedings during a one-month period will significantly reduce costs and promote an efficient administration of the bankruptcy estate.

Defendants assert that they are at somewhat of an economic disadvantage if compelled to litigate this Adversary Proceeding in a forum not of their preference. Defendants contend that as a practice with only two attorneys, their financial means are much lower than that of the Trustee, who is overseeing an enormous bankruptcy estate. However, merely shifting the balance of inconveniences from one party to another is not sufficient to justify a transfer of venue.  See Dupre v. Spanier Marine Corp., 810 F.Supp. 823, 826 (S.D. Tex. 1993).

Furthermore, as the Court has, and will continue to become even more familiar with the business dealings of the Debtor corporations, the interest in judicial economy would be best served if one court, rather than two dozen different courts, rule on these Adversary Proceedings. Issues such as the insolvency of the Debtor and its ordinary course of business are likely to be tried several times, using the same witnesses and the same documents. The interest of judicial economy would favor trial in the Middle District of Alabama, saving the investment of time and resources of a court in another district having to take a completely fresh look at a new case. In addition, from the Trustee's point of view, it would be more efficient for him to try all of his cases, in one forum rather than two dozen or more different fora scattered about the United States.

With respect to the convenience factors, the Trustee has asserted that its principal witnesses are located in Birmingham and travel to this Court routinely. The Defendants however contend that substantial travel expenses will be incurred if their witnesses are required to travel to this Court. However, the Defendants have not specified at all who these witnesses are or what their testimony will cover. See Matter of Holmes, 306 B.R. at 15 (stating "[i]f a party has merely made a general allegation that witnesses will be necessary, without identifying them and indicating what their testimony will be the application for transfer will be denied") (quoting 15 C. Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed. 1986 & Supp. 2003)); see also In re Hayes Lemmerz International Inc., 312 B.R. 44, 47 (Bankr. Del. 2004) (explaining that the convenience of the witnesses is only a factor "to the extent that the witnesses may actually be unavailable for trial in one of the fora"). The Defendants have made no showing to the Court as to who these witnesses are, what their testimony will be, and

6

further there has been no showing of any unavailability. Similarly, with respect to documentary evidence, the Trustee asserts that records of the bankruptcy estate are located in Birmingham. However, the Defendants contend that most if not all of the pertinent evidence is located in the Northern District of Georgia. However, the Court has difficulty accepting this contention, as all of the records of the estate are located at the Trustee's office in Birmingham and can easily be transported to the Defendants. Furthermore, the Defendants have put forth mere general allegations, failing to show the "[precise] location and the importance of the documents in question" that allegedly reside in the Northern District of Georgia. Matter of Holmes, 306 B.R. at 16 (quoting 15 C. Wright, A. Miller, & Cooper, Federal Practice and Procedure §§ 3851 and 3853 (2nd ed. 1986 & Supp. 2003)). Lastly, the Court finds that two policy considerations, in conjunction with the aforementioned factors, strongly warrant the denial of this motion to transfer venue. First, the plaintiff's choice of forum is entitled to great deference and analysis of the factors listed above does not weigh in favor of disturbing that forum selection. In re Ricoh Corp., 870 F.2d 570, 573 (11th Cir. 1989). Second, as discussed in In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D. Del. 2003), transferring a routine case such as this would set an unwanted precedent. The court there stated the following:

> If Defendant were successful in having this case transferred to the Houston Division, it would establish a basis for transferring hundreds, if not thousands, of preference actions away from the forum of the debtor's chapter 11 case, resulting in considerable additional cost to the estate or causing the debtor (or trustee) to forgo pursuit of preference actions, thereby undermining the intended effect of 11 U.S.C. § 547 of equalizing distribution to creditors.

In re Hechinger Investment Company of Delaware, Inc., 296 B.R. 323, 327 (Bankr. D. Del. 2003).[2]  Like the court in Hechinger, this Court is reluctant to establish such a basis. Having considered all of the applicable § 1412 factors and the relevant policy considerations, the Court finds that the most efficient disposition of the present Adversary Proceeding can be made in the forum chosen by the Plaintiff.  For the reasons stated above, the Defendants' motion to transfer venue is DENIED.

Done this 7th day of February, 2005.

/s/ William R. Sawyer
United States Bankruptcy Judge

c: Brent B. Barriere,
Catherine E. Lasky, Attorneys for Plaintiff
Gus H. Small,
Thomas M. Groggans, Attorneys for Defendants
Trustee
Debtors
Teresa Jacobs, Bankruptcy Administrator

---

[2] The Court recognizes that the facts of Hechinger involved a preference action pursuant to 11 U.S.C. § 547, while this case involves a fraudulent conveyance action within the meaning of 11 U.S.C. § 548 and the Alabama and Georgia Fraudulent Transfer Acts.  Despite this distinction, the policy considerations engaged in by that court are just as applicable to the facts of the present case.