UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| In re: | Case No. 03-32063 -WRS |
| TERRY MANUFACTURING COMPANY INC., | |
|     Debtor. | |
| In re: | Case No. 03-32213 -WRS |
| TERRY UNIFORM COMPANY, LLC, | |
|     Debtor. | |
| J. LESTER ALEXANDER III, TRUSTEE OF TERRY MANUFACTURING COMPANY, INC. AND TERRY UNIFORM COMPANY, LLC | Adv. Pro. No. 04-3114-WRS |
|     Plaintiff, | |
| v. | |
| THE STEEL LAW FIRM, P.C. AND BRIAN STEEL | |
|     Defendants. | |

## **MEMORANDUM DECISION**

This Adversary Proceeding is presently before the Court upon the Motion for

Summary Judgment filed by J. Lester Alexander, III ("Trustee"), Plaintiff and Trustee of

Terry Manufacturing Company, Inc. ("Terry Manufacturing")[1] and Terry Uniform Company, LLC ("Terry Uniform"). (Doc. 12).[2] In addition to the motion for summary judgment and the supporting brief, the Plaintiff has filed a Statement of Uncontested Facts. (Doc. 15). The Defendants have filed a brief in opposition to the Plaintiff's motion for summary judgment along with a Response to Plaintiff's Statement of Uncontested Facts, and a Supplemental Response to Plaintiff's Motion for Summary Judgment. (Doc. 58, 60, 68). For the following reasons, the Court finds that the Plaintiff's Motion for Summary Judgment is due to be DENIED.

## I. FACTS

By initiating the present Adversary Proceeding the Trustee is seeking to recover $127,000.00 paid by Terry Manufacturing Company Inc. ("Terry Manufacturing") to the Defendants. (Doc. 1, 3, 11). More specifically, the Trustee is seeking to avoid $122,000.00 in payments made to the Steel Law Firm and $5,000.00 made to Mr. Steel

---

[1] Terry Manufacturing filed a voluntary Chapter 11 petition in this Court on July 7, 2003. (Case No. 03-32063, Doc. 1). Terry Uniform filed a voluntary Chapter 11 petition on July 22, 2003. (Case. No. 03-32213, Doc. 1).

[2] The Plaintiff's motion for summary judgment was filed on November 16, 2004. (Doc. 12). On December 2, 2004, the Defendants in this Adversary Proceeding moved to transfer venue of the case to the Northern District of Georgia. (Doc. 26, 27). Subsequent to the filing of this motion, the Court suspended the briefing schedule on the motion for summary judgment until the resolution of the pending motion to transfer venue. (Doc. 25). The Court denied the Defendants' motion to transfer venue on February 7, 2005. (Doc. 35). The Court subsequently entered a Scheduling Order requiring that responses to the summary judgment motion be filed no later than June 20, 2005. (Docs. 43, 45). The Defendants then moved for an extension of time in which to file their response, which was subsequently granted by the Court. (Doc. 51, 53). The Defendants filed their response to the Plaintiff's motion for summary judgment on July 5, 2005. (Doc. 45, 60).

individually. (Doc. 14).[3] These payments took place between February 10, 2003 and June 19, 2003. (Doc. 15). The Trustee alleges that these payments constituted fraudulent conveyances within the meaning of 11 U.S.C. § 548 and under the Alabama and Georgia Fraudulent Transfer Acts. The Trustee also alleges that these transfers constituted avoidable preferences pursuant to 11 U.S.C. § 547.[4] (Doc. 1).

The genesis of the payments in question arose from legal representation that the Steel Law Firm and Mr. Steel provided to Rudolph Terry in a federal criminal prosecution styled USA v. Pouncey, et. al., in the United States District Court for the Northern District of Georgia, Case No. 1:03-CR-00055-CC-ECS-ALL. (Doc. 15). The indictment against Rudolph Terry related to his involvement in a complex factoring scheme. As noted in a recent Memorandum Decision written by this Court, this Adversary Proceeding is one of two which involve the allegation that substantial amounts of attorney's fees have been paid by Terry Manufacturing which were actually owed by Roy Terry or Rudolph Terry, both corporate officers of the Debtor corporation. See, Memorandum Decision dated July 25, 2005. (Case No. 04-3135; Doc. 76).

In the present case, the Defendants do not dispute that the Debtor made a total of five payments to the Steel Law Firm in the amount of $122,000.00 between the time period of February 10, 2003 and July 19, 2003. (Docs. 15, 58). The Defendants also do not dispute that the Debtor made a payment to Mr. Steel in the amount of $5,000.00.

---

[3] The Trustee amended his complaint to add Brian Steel noting that at the time of amending the complaint, the Trustee could not determine "whether Mr. Steel endorsed the check to the order of The Steel Law Firm or retained the proceeds personally." (Doc. 11).

[4] The Defendants contend that the Plaintiff is moving for summary judgment solely as to his theory of avoidance of these transfers as fraudulent conveyances pursuant to 11 U.S.C. § 548, leaving the other theories specified in the Plaintiff's complaint subject to trial. (Docs. 14, 60). To the extent that the Plaintiff has moved for summary judgment only on the § 548 fraudulent conveyance theory, the Court nevertheless finds that summary judgment is due to be denied as to the other causes of action set forth in the Plaintiff's complaint.

However, as discussed below, the Defendants put forth a variety of arguments in support of their contention that there are indeed genuine issues of material facts in dispute, rendering summary judgment at this stage of the proceeding inappropriate.

## II. CONCLUSIONS OF LAW

### A. Introduction

Summary judgment is proper only when there is no genuine issue of any material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56, made applicable to Adversary Proceedings by Fed. R. Bank. P. 7056; Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2553, 91 L.Ed. 2d 265 (1986); Jones v. City of Columbus, 120 F.3d 248, 251 (11th Cir. 1997). Federal Rule of Civil Procedure 56(c) states the following:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). The facts must be viewed in a light most favorable to the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed. 2d 202 (1986); Hail v. Regency Terrace Owners Association, 782 So.2d 1271, 1273 (Ala. 2000). To avoid an adverse ruling on a motion for summary judgment, "the nonmoving party must provide more than a mere scintilla of evidence." See Loyd v.

Ram Industries, Inc., 64 F.Supp.2d 1235, 1237 (S.D. Ala. 1999) (quoting Combs v. Plantation Patterns, 106 F.3d 1519, 1526 (11th Cir. 1997).

### B. Discussion

In moving for summary judgment, the Trustee asserts that with respect to 11 U.S.C. § 548, there are no disputed material facts in this Adversary Proceeding and that he is entitled to judgment as a matter of law against the Steel Law Firm in the amount of $122,000.00 and against Mr. Steel in the amount of $5,000.00. (Docs. 12, 14). However, the Court finds that there are a number of material facts in dispute, thereby precluding entry of summary judgment in favor of the Trustee.

First, the Defendants do not contest the fact that the Debtor paid $122,000.00 to the Steel Law Firm and that the Debtor also paid $5,000.00 to Brian Steel. However, the Defendants contend that they never retained the payments that were made to them. According to the Defendants, they were directed by Rudolph Terry to pay the monies in question over to third parties[5] for purposes of assisting in his criminal defense. Following this reasoning further, the Defendants assert that they never received the full value of the transfers because they never retained at least a portion of the payments at issue and were mere conduits for third-party beneficiaries. (Doc. 60).[6] In support of this

---

[5] It is asserted by the Defendants that some of the payments went to at least "two independent third parties." (Doc. 58). These people included attorney Leeza Cherniak, acquired to assist in Rudolph Terry's defense, and investigator Jimmy Martin, who was also acquired to provide services in the Rudolph Terry defense efforts. (Doc 68).

[6] The Defendants cite to the following cases in support of the proposition that the Trustee may not seek recovery from a person who is not the initial transferee or a benefited entity. Nordberg v. Arab Banking

5

argument, the Defendants have submitted the affidavits of attorneys Bruce H. Morris, Donald F. Samuel, and Daniel Griffin. (Doc. 68; Ex.'s A, B, C).

Second, the Defendants claim that the money the Trustee is seeking to recover "represent payment of legal fees and expenses for services provided in both the Criminal Action and the Civil Action." (Doc. 60). The significance of this statement is further enhanced by the Defendants' assertion that they provided legal services to both Rudolph Terry and Terry Manufacturing in the civil case filed by Commercial Factors in the Superior Court of Gwinnett County, Georgia. (Doc. 58). The important point is this― if some of the payments at issue in this Adversary Proceeding were made on account of services provided to the Debtor, then the Trustee's general argument that the Debtor received no value for the services would not be applicable as to those payments. (Docs. 1, 3, 15).

Finally, the Defendants contend that the services provided to "Terry and the Debtor" were beneficial to the Debtor, rebutting the argument that Terry Manufacturing received less than equivalent value in exchange for the payments. (Doc. 60). The Defendants argue that they have provided both direct and indirect benefits to the Debtor in the following ways: 1) as a corporate officer Rudolph Terry was closely related to the Debtor corporation, thus any benefits flowing to Rudolph Terry indirectly flowed to Terry Manufacturing; 2) through investigations conducted by the firm in the civil case, the Defendants were able to determine that the Debtor actually lost a total of $100,000.00, as opposed to netting a sum of approximately $3 million as alleged by

---

Corp. (In re Chase & Sanborn Corp.), 904 F.2d 588 (11th Cir. 1990); Nordberg v. Societe Generale (In re Chase & Sanborn Corp.), 848 F.2d 1196 (11th Cir. 1988); Bonded Fin. Services, Inc. v. European Am. Bank, 838 F.2d 890 (7th Cir. 1988); Christy v. Alexander & Alexander Inc. (In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey), 130 F.3d 52, 57 (2d Cir. 1997); Gropper v. Unitrec, S.A. (In re Fabric Buys of Jericho, Inc.), 33 B.R. 334 (Bankr. S.D.N.Y. 1983).

6

Commercial Factors; and 3) by providing services to an officer and director of the Debtor corporation. (Doc. 60). Each of the points argued by the Defendants goes directly to refuting the allegation on the part of the Plaintiff that Terry Manufacturing received no value for the payments made to the Defendants. (Doc. 14).

The Court further notes that while the Trustee has apparently only moved for summary judgment as to his claims under 11 U.S.C. § 548, the issues raised by the Defendants would preclude summary judgment as to both the Trustee's claims pursuant to 11 U.S.C. § 547 and the claims asserted under the Alabama and Georgia Fraudulent Transfer Acts. (Docs. 12, 14)

### III. CONCLUSION

Finally, because there are a number of disputed material facts in this Adversary Proceeding yet to be resolved, the Plaintiff's Motion for Summary Judgment is due to be DENIED. (Docs. 12, 14, 15, 58, 60, 68). The Court will enter an Order consistent with this Memorandum Decision by way of a separate document.

Done this 27th day of July, 2005.

/s/ William R. Sawyer
United States Bankruptcy Court

c: Brent B. Barriere, Attorney for Plaintiff
Leon S. Jones, Attorney for Defendants